UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEWBURGH/SIX MILE
LIMITED PARTNERSHIP II,

    Plaintiff,

v.

ADLABS FILMS USA, INC.,

    Defendant.
                                      /

Case No. 09-cv-11067

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S MOTION TO STAY
EXECUTION OF JUDGMENT PENDING RECONSIDERATION** (docket no. 38)

This closed matter involves Plaintiff Newburgh/Six Mile Limited Partnership II's ("Newburgh") claim against Adlabs Films USA, Inc. ("Adlabs") for breach of a commercial real estate lease. On July 13, 2010, the Court entered judgment in Newburgh's favor in the amount of $4,870,243.71. On July 27, 2010, Adlabs timely moved for reconsideration and also requested a stay of all efforts to execute of the judgment, but does not offer to post any security while the reconsideration motion is pending. The Court ordered responsive briefing from Newburgh on both motions. Newburgh has responded to the motion to stay and Adlabs has filed a reply brief.[1] For the reasons stated below, the Court will deny Adlabs's motion to stay execution of the judgment.

Rule 62(b) of the Federal Rules of Civil Procedure provides that "on appropriate terms for the opposing party's security," the court may stay the execution of a judgment

---

[1] The Court ordered expedited briefing with respect to the motion to stay execution.

1

while a post-judgment motion under Rule 59 remains pending. Fed. R. Civ. P. 62(b)(3). "What constitutes 'appropriate terms' is a matter left to the trial court's discretion, but normally the party seeking a stay is required to post a bond sufficient to protect fully the prevailing party's interest in the judgment." *Lewis v. United Joint Venture*, No. 07-639, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009) (citing *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)). Although a court may forego the requirement of a bond in certain circumstances, there is a presumption in favor of requiring a bond, and the party seeking the dispense with the requirement bears the burden of showing why a bond should not be required. *Id.*

Adlabs's motion for reconsideration is a Rule 59 motion, so Rule 62(b) – and, specifically, its security requirement – applies to it. In its original motion, Adlabs states that it is "in a precarious financial situation" such that it should not be required to post any security despite the Rule's mandatory provision that any stay of execution be supported by at least some security for the opposing party. *See Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor." (citing Rule 62(b))). Adlabs states that as of March 31, 2010, it has operated at an after-tax loss of more than $8 million and has a total accumulated deficit of more than $12.5 million. It further states that it has borrowed $34.3 million from its parent company and $10.1 million from a bank, and has total assets of only $39.2 million. In these circumstances, Adlabs concludes, it lacks the collateral to support a bond and asks the Court to stay execution of the judgment while its motion for reconsideration is pending. In its reply brief, Adlabs asserts that its parent company has provisionally agreed to provide

a guarantee for the judgment, but the details have not been confirmed. It continues to request a stay without having to provide any security.

The Court will not grant any stay of execution in the absence of any provision for Newburgh's security. By Adlabs's own admission, it is in a precarious financial condition at this point. The situation provides no justification for staying the execution of the judgment in the absence of any provision of any security for Newburgh.

The cases cited by Adlabs in its motion do not support its request. In both *Federal Prescription Services, Inc. v. American Pharm. Ass'n*, 636 F.2d 755 (D.D.C. 1980) and *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988), the D.C. Circuit and Seventh Circuit affirmed district court decisions granting stays of execution on the judgments only after agreeing that the moving parties had made adequate showings of their continuing ability to satisfy the judgments at issue. *See also Olympia Equip. Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794 (7th Cir. 1986) (cited in Adlabs's reply brief) (permitting "alternative" security when bond requirement of Rule 62(d) would put defendant's other creditors in undue jeopardy).

In the absence of any security that the Court finds appropriate in this case, the Court will not stay Newburgh's execution efforts. In the event that Adlabs can provide some security to support its request, the Court will reconsider staying execution of the judgment, and should that occur, Adlabs should file a new motion rebutting the presumption that a bond should be required. *See Lewis*, 2009 WL 1654600, at *1 ("[T]here is a presumption in favor of requiring a bond, and the party seeking an unsecured stay bears the burden of showing why a bond should not be required under Rule 62(b)").

**WHEREFORE**, it is hereby **ORDERED** that Adlabs's Motion to Stay Execution of the

Judgment (docket no. 38) is **DENIED.**

**SO ORDERED.**

          s/Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: August 9, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 9, 2010, by electronic and/or ordinary mail.

          s/Alissa Greer
          Case Manager