UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEWBURGH/SIX MILE
LIMITED PARTNERSHIP II,

    Plaintiff,

v.

ADLABS FILMS USA, INC.,

    Defendant.
_____/

Case No. 09-cv-11067

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING DEFENDANT'S RENEWED
MOTION TO STAY EXECUTION OF JUDGMENT PENDING
RECONSIDERATION AND POTENTIAL APPEAL** (docket no. 133),
**GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEF** (docket no. 68), **AND DENYING AS MOOT DEFENDANT'S OBJECTIONS
TO PLAINTIFF'S REQUESTS AND WRITS FOR GARNISHMENT** (docket no. 129)

This matter involves is a commercial real estate dispute between Plaintiff Newburgh/Six Mile Limited Partnership II ("Newburgh") and Adlabs Films USA, Inc. ("Adlabs"). On July 13, 2010, the Court entered judgment in Newburgh's favor in the amount of $4,870,243.71. On July 27, 2010, Adlabs timely moved for reconsideration and asked the Court to stay Newburgh's efforts to satisfy the judgment, but offered no security to support its request. The Court denied the motion and invited Adlabs to renew its motion if it later obtained some form of security. Adlabs has renewed its motion and this time supports the request with an irrevocable letter of credit ("letter") from HSBC Bank USA, N.A. ("HSBC")[1] in the amount of $6,238,302.26. *See* docket no. 133, ex. A. The letter expires September 11, 2011, but extends automatically by one-year increments until HSBC receives documentation that establishes the judgment has been satisfied. The letter may

---

[1] Newburgh asserts that the letter fails to identify the issuer, but a review of the letter demonstrates sufficient identification of the issuer. The issuer is clearly HSBC Bank USA, N.A. *See* docket no. 133, ex. 1 (found at bottom of each page of letter).

not be extended beyond September 1, 2013. It identifies Newburgh as the only entity that may make draws on the letter. Newburgh opposes the motion. It agrees that an irrevocable letter of credit may support a stay, but claims that this particular letter of credit is not adequate.

A. <u>Should the Court Stay Execution of the Judgment?</u>

Rule 62(b) of the Federal Rules of Civil Procedure provides that "on appropriate terms for the opposing party's security," the court may stay the execution of a judgment while a post-judgment motion under Rule 59 remains pending. Fed. R. Civ. P. 62(b)(3). "What constitutes 'appropriate terms' is a matter left to the trial court's discretion, but normally the party seeking a stay is required to post a bond sufficient to protect fully the prevailing party's interest in the judgment." *Lewis v. United Joint Venture*, No. 07-639, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009) (citing *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)). Although a court may forego the requirement of a bond in certain circumstances, a bond is the favored form of security, and the party seeking to dispense with the requirement bears the burden of showing why an alternative form of security is appropriate. *Id.*

Newburgh does not dispute that an irrevocable letter of credit may, in appropriate circumstances, provide adequate security. It opposes the motion on the ground that the letter in this case fails to provide adequate security. Newburgh identifies numerous shortcomings that allegedly render the letter inadequate. The Court considers Newburgh's objections seriatim.

Newburgh first asserts that the letter is inadequate because it does not affirmatively state that HSBC submits to the Court's jurisdiction and irrevocably appoints the Court Clerk as HSBC's agent with respect to any enforcement issues that might arise. It cites Rule 8(b)

2

of the Federal Rules of Appellate Procedure in support of this argument. Rule 8(b), however, applies to stays granted by the *courts of appeals*, not the districts court. District courts have their own rules governing stays, *see* Fed. R. Civ. P 62(b), which do not contain analogous provisions.

Moreover, it appears likely that by naming Newburgh, a partnership that HSBC presumably knows to be located in Michigan, as the letter's sole beneficiary, HSBC has purposefully availed itself of the privilege of doing business in Michigan. This goes a long way in establishing the Court's exercise of specific personal jurisdiction over HSBC in actions arising out of the letter. Alternatively, as is demonstrated by the numerous cases cited by Adlabs in its brief – many in which HSBC is the plaintiff – it appears that despite the absence of a statement in the letter that HSBC consents to the Court's jurisdiction, the Court would have jurisdiction over HSBC through general personal jurisdiction. In short, the Court has no concern over its power to exercise jurisdiction over HSBC in an action involving enforcement of the letter.

Turning to the substance of the letter, Newburgh first asserts that the letter's September 1, 2013 expiration date is not long enough. As Adlabs point out, however, for the letter to expire before the conclusion of any potential appeal, this Court and the court of appeals, together, would have to take more than three years to resolve the motion for reconsideration and any appeal. Given that the average processing time for an appeal in the Sixth Circuit is 14.7 months,[2] leaving this Court over one full year to decide the motion for reconsideration, the Court finds any concerns over the expiration date of the letter to be unwarranted.

---

[2] *See* http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsa2009.pl (page 2).

3

Along the same lines, Newburgh argues next that the letter is ambiguous as to the requirements for the one-year extensions. It contends that the letter fails to specify the type of documentation necessary to terminate the commitment, making it possible for Adlabs or its parent company to submit paperwork that would terminate the letter earlier than anticipated and leave Newburgh without any security. The Court agrees with Adlabs that this argument is meritless. The argument essentially amounts to a fear that Adlabs or its parent company will commit fraud, and the Court is not ready to make such a conclusion about a party that has heretofore acted in good faith.

Newburgh argues next that the letter has a "subjective, non-documentary condition" permitting termination before the case is finally resolved. *See* Pl. Resp. Br. at 7. It takes issue with the paragraph that conditions the letter on Adlabs "diligently" prosecuting its case before the Court or on appeal. The Court disagrees with Newburgh's reading of this provision. The letter makes clear that it becomes void only if and when Adlabs satisfies the judgment.

Newburgh also contends that the letter's specific reference to the "judgment entered on July 13, 2010" improperly narrows the maximum amount Newburgh may draw on the letter. Specifically, Newburgh worries that it will be unable to recover its attorney's fees and costs since they were not included in the Court's judgment. By the letter's plain language, however, Newburgh may draw up to $6,238,302.26 on the letter, which exceeds 125% of the judgment, plus Newburgh's request for approximately $120,000 in attorney's fees.

Newburgh further argues that the letter is ambiguous by not stating clearly *when* a draw may be made on the letter; whether it can be made before the expiration of the letter, or simply upon demand, even if the letter has not expired. The letter is clear that "this letter

4

of credit will be honored upon presentation *on **or before*** the expiry or any extensions thereof and otherwise in accordance with the terms and conditions hereof." Letter, at 3 (emphasis added). Payment may be made upon presentation of the letter, and not only when the letter expires. The payout provision is not ambiguous.

Having determined that all of Newburgh's objections lack merit, the Court finds that Adlabs has rebutted the presumption of requiring a bond in this case. The letter of credit provides Newburgh with sufficient security. The Court will grant Adlabs's motion to stay the execution of the judgment. The stay shall be effective until the Court resolves Adlabs's motion for reconsideration, and, if necessary, the court of appeals decides any appeal. Adlabs shall provide to Newburgh the original copy of the letter of credit if it has not done so already.[3]

B. <u>Should the Court Make the Stay Retroactive?</u>

Newburgh asserts that even if the Court finds the letter provides adequate security to justify a stay, the stay should not be made retroactive. Newburgh has already garnished two banks holding $503,118.65 in Adlabs assets. Newburgh asserts that it is entitled to the assets already garnished even if the Court enters a stay.

The Court has been unable to find any Sixth Circuit authority on the issue of whether a stay may be made retroactive. District court decisions from around the country, including some from this District, also are not conclusive on the question. *See, e.g.*, *Thunder Mountain Custom Cycles, Inc v. Thiessen Prods, Inc.*, No. 06-CV-02527, 2008 WL 5412469, at *3 (D. Col. Dec. 24, 2008) ("To date, courts remain divided on the issue . . .

---

[3] The letter of credit requires that a draw on the letter be accompanied by the "original of this letter." Letter, at 1.

"; citing cases); *Larry Santos Prods. v. Joss Org., Inc.*, 682 F. Supp. 905, 906 (E.D. Mich.1988) (Cook, J.) (denying request to make retroactive a Rule 62(d) stay); *compare Fairlane Car Wash, Inc. v. Knight Enters., Inc.*, No. 07-10165, 2009 WL 2447616, at *2 (E.D. Mich. Aug. 6, 2009) (Cleland, J.) (recognizing *Larry Santos*, but making retroactive a Rule 62(d) stay) *with Acme Contracting, Ltd. v. Toltest, Inc.*, No. 07-10950, 2008 WL 4534175, at *4 (E.D. Mich. Oct. 3, 2008) (Cox, J.) (construing Rule 62(d) stay as prospective only). The Court notes that the decisions from this District that refused to give retroactive effect to a stay did so, in part, because the judges felt constrained by the specific language in Rule 62(d).

For example, in *Acme*, Judge Cox adopted the reasoning of Judge Cook in *Larry Santos*, stating:

> This Court agrees with Judge Cook's conclusion that to allow a stay to operate retroactively, after the expiration of the ten-day period in Fed. R. Civ. P. 62(a), would render the last sentence of Fed. R. Civ. P. 62(d) meaningless.

*Acme*, 2008 WL 4534175, at *4 (citing *Larry Santos*, 682 F. Supp at at 906 ("[To make the stay retroactive] would render the last sentence of Fed. R. Civ. P. 62(d) meaningless. That sentence reads, 'The stay is effective when the supersedeas bond is approved by the court.' This provision, taken together with the 10-day 'automatic stay' provision of Fed. R. Civ. P. 62(a), clearly indicates that without a court-approved stay and a bond if one is ordered, the appealing party is protected against attempts to satisfy a final judgment only for the first 10 days thereafter."). Rule 62(b), by contrast, contains no similar language. While the Court is hesitant to draw any definitive conclusions regarding the drafter's intent based on the difference in language between the two subsections, the Court does find the distinction somewhat relevant.

Although not directly on point,[4] the Court finds persuasive Judge Cleland's analysis of a similar issue in *Fairlane*. There, the defendant, after having lost at trial, appealed the court's judgment. After the notice of appeal was filed, the plaintiffs issued writs of garnishment to a bank holding assets of the defendant. The defendant filed objections to the writs and also filed a motion under Rule 62(d) to stay the proceedings pending appeal. The defendant obtained a surety bond and sought to stay proceedings retroactively. The defendant argued that although the court could stay the proceedings, it could not do so retroactively and extinguish the garnishments already imposed. The Court disagreed and imposed a retroactive stay. After concluding that the decisions from within and without the District were not conclusive as to the permissiveness of a retroactive stay, Judge Cleland found that a district court's broad discretion in staying proceedings permitted it to impose the stay retroactively.[5] He found that retroactivity was necessary under the circumstances, reasoning that there was little prejudice to the plaintiffs in making the stay retroactive compared to the prejudice faced by the defendant were it to succeed on appeal. *Fairlane*, 2009 WL 2447616, at *2-3.

Applying Judge Cleland's reasoning here, the Court reaches the same result. Newburgh has asserted no prejudice that would befall it were the stay to be retroactive. It does not assert that the garnished assets are necessary to continue its own operations, or that the assets are needed for some other specific reason. Although Newburgh does

---

[4] *Fairlane* involved a motion under Rule 62(d). This case involves a motion under Rule 62(b).

[5] Although the cases were on point, Judge Cleland declined to follow the reasoning of Judges Cook and Cox in *Larry Santos* and *Acme*, respectively, and found that the language in Rule 62(d) did not constrain the court's discretion to make the stay retroactive.

not raise prejudice in its brief, the Court notes that the only prejudice Newburgh might suffer is the cost of its collection activity thus far. To minimize this prejudice, Newburgh might seek to recoup its collection costs from Adlabs. *See, e.g.*, *Fairlane*, 2009 WL 2447616, *3 (granting retroactive stay on condition that defendant reimburse plaintiff for reasonable costs incurred in collecting on judgment before stay was entered). Given its potential to recoup collection costs, Newburgh is not likely to suffer any prejudice from making the stay retroactive.

By contrast, Adlabs has continually asserted since the beginning of its post-judgment efforts that if the Court did not grant a stay, Adlabs's financially viability and some 440 jobs in the United States may be in serious jeopardy. *See* Kumar Decl. ¶ 8 (docket no. 38, ex. B). Newburgh disputes this claim of hardship on the logic that if Adlabs has not gone out of business already, it is unlikely to do so if forced to part with the $500,000 in assets currently garnished by Newburgh. Given Adlabs's financial condition, as demonstrated on its balance and income sheets of March 31, 2010, *see* Financial Statement (docket no. 38, ex. A), having to part with $500,000 in assets would certainly affect its ability to operate.

Other considerations also support a retroactive stay. Specifically, the letter results in protection for Newburgh in excess of the judgment and attorneys fees. Adlabs has been diligent in seeking a stay. It filed its first motion the day before the automatic stay expired and before Newburgh began collection activity.[6] Although it was unsuccessful on its first attempt at a stay, Adlabs sought adequate security to support a renewed motion. While in the process of obtaining the letter, Adlabs filed a supplemental brief apprising the Court

---

[6] This is not to say that Newburgh delayed. To the contrary, it began collection activity the day the automatic stay expired.

of its efforts.[7]  See Supp. Br. at 1-2 (docket no. 68, ex. A).  There are no indications that Adlabs pursued its stay in bad faith.  These facts further support the retroactive application of the stay.  See Thunder Mountain, 2008 WL 5412469, at *6 ("I conclude that the appropriate rule is that executions on judgments that (1) occur while the judgment debtor is seeking a stay of the judgment in good faith and (2) result in excess protection for the judgment creditor, may be retroactively invalidated.  This rule allows for retroactive stays where the judgment debtor is unable to attain a stay through no fault of its own, yet denies it where the judgment debtor is dilatory and purposeful in its delay.").

The Court will make the stay retroactive.  The stay is effective as of July 28, 2010, the date the automatic stay under Fed. R. Civ. P. 62(a) expired.  All collection efforts thus far are nullified, rendering moot Adlabs's objections to the writs for garnishment issued to Bank of America, Bank of New York Mellon, Capital One, Citibank, Citizens Bank, Comerica, Deutsche Bank, Fifth Third Bank, Flagstar Bank, Goldman Sachs, HSBC Bank, Huntington National Bank, JP Morgan Chase, Keybank, Manufacturers & Traders Trust, New York Community Bank, PNC Bank, TCF Bank, TD Bank, and Wells Fargo.  The stay shall be in effect until the Court either vacates its judgment or the court of appeals reaches a decision on any appeal, whichever occurs first.

**WHEREFORE**, it is hereby **ORDERED** that Adlabs's Renewed Motion to Stay Execution of the Judgment (docket no. 133) is **GRANTED.**

**IT IS FURTHER ORDERED** that all proceedings to enforce the judgment are **STAYED.**  This stay is effective July 28, 2010, the date the automatic stay under Fed. R.

---

[7]Adlabs filed a motion for leave to file the supplemental brief.  See docket no. 68.  The Court grants the motion and has considered the brief.

9

Civ. P. 62(a) expired. Collection activities commenced on or after that date are **STAYED**.

**IT IS FURTHER ORDERED** that Adlabs's motion for leave to file a supplemental brief (docket no. 68) is **GRANTED.**

**IT IS FURTHER ORDERED** that Adlabs's objections to Newburgh's requests and writs for garnishment (docket no. 129) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Adlabs shall provide to a general partner of Newburgh the original letter of credit issued by HSBC Bank, USA, N.A. (No. SDCMTN5558312).

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 10, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager